THE STATE, DEFENDANT IN ERROR, v. CHARLES L. LAVINE, PLAINTIFF IN ERROR.

Argued June 7, 1921—Decided November 1, 1921.

1. An indictment charging that defendant asked one C. to see certain jurors then sitting on the trial of a cause to which defendant was a party and endeavor to persuade them to return a verdict in his favor, sufficiently charges a violation of section 16 of the Crimes act. *Comp. Stat., p.* 1748. *Semble*, that it also sufficiently charged embracery at common law.

2. A verdict entered on the record of "guilty on the second count of attempted embracery in the indictment" construed as a verdict of guilty on the second count, and the words "of attempted embracery" as merely a superfluous and perhaps erroneous description of the effect of that count.

3. A verdict of guilty under a good count of an indictment should not be considered vitiated by a misdescription of the legal effect of the count, when the count itself is otherwise positively identified, the misdescription is germane to the actual purport of the count, and the intent to convict thereunder is plain from the language of the verdict.

On error to the Mercer County Court of Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KALISCH.

For the plaintiff in error, *Martin P. Devlin (John H. Kafes* on the brief).

For the state, *A. Dayton Oliphant,* prosecutor of the pleas.

The opinion of the court was delivered by

PARKER, J. The defendant was indicted for an attempt to influence a jury on the trial of a cause by solicitation of a court officer to see the jurors, or some of them, in his behalf. There were three counts in the indictment, but the first and third were abandoned. The defendant was convicted on the second, the relevant allegations of which are that an issue at

law had been joined between defendant as plaintiff and two parties named as defendants, and a jury was empaneled to try it in the Common Pleas, and that said Lavine, intending to hinder the lawful trial of that issue, did unlawfully, &c., on behalf of himself as plaintiff, "solicit and attempt to persuade one James P. Callahan to see and talk with the jurors of the said jury * * * in favor of the said Charles L. Lavine, and did then and there say and utter to the said James P. Callahan divers words and discourses by way of commendation of the said Charles L. Lavine, the plaintiff, to wit: 'Do you know any of the jurors; see them to-night and get them to do something for me,' and the said Charles L. Lavine then and there unlawfully and corruptly did desire and attempt to move the said James P. Callahan to solicit and persuade the jurors empaneled and returned to try the said issue to give a verdict for the said Charles L. Lavine, plaintiff in such issue, contrary to the form of the statute in such case made and provided and against the peace," &c.

The verdict as contained in the record is as follows: "Do say that they find the defendant guilty on the second count of attempted embracery in the indictment, and so say they all, on him above charged in the form aforesaid and as by the said second count in the said indictment aforesaid is above supposed against him."

The case is before us under section 136 of the Criminal Procedure act as well as on strict writ of error.

There was a motion to direct an acquittal when the state rested, which was denied. The defence then rested, and motion for acquittal was again made and denied. After the verdict there was a motion in arrest of judgment, and this likewise was denied and exception entered.

The assignments of error and specifications of causes for reversal are identical and are fourteen in number. Numbers 2, 3 and 4, and 5 to 10, inclusive, need not be considered, as they do not challenge any judicial action or point out error on the record. No. 12 merely alleges general error. No. 5 is that the second count charged no crime, and No. 1 that the court refused to direct acquittal on that ground. No. 11,

that the court should have directed acquittal because the evidence did not show the crime charged in the second count. The last two challenge instructions in the charge on the same ground.

The argument for plaintiff in error seems to proceed on these lines:

(1) That by the record it appears the verdict is one of guilty of "attempted embracery." (2) That there is no such crime as attempted embracery. (3) But, conceding that there is such a crime, there is no evidence that it was committed by the defendant, (4) especially as it appeared without dispute that Callahan was in no way influenced by the alleged solicitation and refused to comply therewith.

It is argued that as any attempt to influence a jury or juror is itself embracery, there can be no such thing as an attempt to attempt such influence, and that the verdict is consequently nugatory. It is quite true that an attempt to influence a juror, even if unsuccessful, constitutes the crime of embracery at common law. 4 *Bl.* 140; 1 *Hawk., ch.* 86, § 1; 2 *Bish. New Cr. L.*, §§ 384, 389. But this does not vitiate the verdict, for it seems plain that the indictment clearly charged a crime both at common law and within section 16 of the Crimes act (*Comp. Stat., p.* 1748), the evidence supported the indictment, and the verdict, as we view it. conformed to it; and the second is that the same act, by section 216, page 1812, recognizes that there may be an attempt to commit any of the offences mentioned in the act, and embracery is one of them; and that there was evidence to show such attempt as charged in the second count.

The language of section 16 is comprehensive. It says: "Embracery *and* all attempts to corrupt or influence a jury or any juror, or in any way to incline such jury or any juror to be more favorable to the one side than to the other by promises, persuasions, entreaties, threats, letters, money, entertainments or other sinister means; *all indirect, unfair and fraudulent* practices, arts and contrivances to obtain a verdict, and all attempts to instruct a jury or juror beforehand, at any place or time, or in any manner or way, except only in

open court at the trial of the cause, by the strength of the evidence, the arguments of the parties or their counsel, or the opinion or charge of the court, shall be misdemeanors and punished as are misdemeanors under this act."

This seems to be somewhat more detailed than the usual descriptions of embracery at common law, but, perhaps, not more comprehensive than that contained in 1 *Russ. Cr.* 182. We need not dwell on the point, for it is clear that when the count of the indictment now under examination charged defendant with trying to persuade Callahan to see the jury, or some of them, in his behalf, it charged an offence denounced by the statute. As for the evidence, a glance at the testimony of Callahan himself is enough to show that the charge was supported thereby. When we come to look at the verdict, it is true that the words "attempted embracery" are used; but the whole text of the verdict as contained in the record must be read, and when it is observed that it reads "guilty on the second count of attempted embracery in the indictment, on him above charged in the form aforesaid, and as by the said second count in the above indictment is above supposed against him," the legitimate construction of the language used is that the phrase "of attempted embracery" is merely descriptive of the second count, and not a designation of the crime itself, in which case the appropriate language would have been "guilty of attempted embracery on the second count in the indictment." *Ad proximum antecedens fiat relatio nisi impediatur sentencia* is the old maxim. which is applicable by analogy if not directly. *Broom Max.* \*529; 36 *Cyc.* 1123; *Camden and Amboy Railroad Co.* v. *Briggs,* 22 *N. J. L.* 623; *Summerman* v. *Knowles,* 33 *Id.* 202; *Johnson* v. *Grand Lodge,* 81 *Id.* 511. A verdict of guilty under a good count should not be considered vitiated by a misdescription of the legal effect of the count, when the count itself is positively identified by number, the description is germane to the actual purport of the count, and the intent to convict thereunder is plain from the language of the verdict. Such cases as *Com.* v. *Crowley* (*Mass.*), 45 *N. E. Rep.* 766; 46 *Id.* 626, and *State* v. *Jankowski,* 82 *N. J. L.* 229; *affirmed,* 83 *Id.* 796,

show that the courts are not disposed to reverse convictions plainly meritorious on unnecessarily technical grounds. We view the verdict as one of guilty on the second count of the indictment, and the phrase "of attempted embracery" as mere descriptive surplusage. We incline to think that the second count charged embracery at common law, but need not go further in this direction, as it plainly charged an offence under the statute.

This result makes it unnecessary to consider whether by the general language of section 216 of the Crimes act (*Comp. Stat., p.* 1812), which provides that "any person who shall attempt to commit *any of the offences mentioned in this act* (embracery is one, see section 16, *supra*) or any offences of an indictable nature at common law, *though such offence be not actually committed,* shall be guilty of a misdemeanor," the legislature intended to penalize attempts to commit embracery at common law or to violate section 16, or what, in such case, would constitute such an attempt.

For the reasons already stated, we find that none of the assignments of error or causes for reversal is well taken and the judgment will accordingly be affirmed.